APPEAL,EFILE

## U.S. District Court
## District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:25-cv-01724-OAW

Healthcare Distribution Alliance v. Boughton et al
Assigned to: Judge Omar A. Williams
Cause: 42:1983 Civil Rights Act

Date Filed: 10/14/2025
Jury Demand: None
Nature of Suit: 950 Constitutional - State Statute
Jurisdiction: Federal Question

**Plaintiff**

**Healthcare Distribution Alliance**         represented by   **Austin Scott Martin**
Massey & Gail LLP
1000 Maine Avenue SW
Suite 450
Washington, DC 20024
407-252-2663
Email: amartin@masseygail.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Bret Vallacher**
Massey & Gail LLP
1000 Maine Avenue SW
Suite 450
Washington, DC 20024
202-780-0351
Fax: 312-379-0467
Email: bvallacher@masseygail.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan S. Massey**
Massey & Gail LLP
1000 Maine Avenue SW
Suite 450
Washington, DC 20024
202-650-5452
Fax: 312-379-0467
Email: jmassey@masseygail.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Snigdha Mamillapalli**
McCarter & English, LLP
CityPlace I
185 Asylum St
Hartford, CT 06103
203-631-6249
Email: smamillapalli@mccarter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas J. Finn**
McCarter & English, LLP
CityPlace 1
185 Asylum Street
Hartford, Ct 06103
860-275-6700

Fax: 860-724-3397
Email: tfinn@mccarter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Mark D. Boughton**
*in his official capacity as Commissioner of the Connecticut Department of Revenue Services*

represented by **Patrick Thomas Ring**
Connecticut Attorney General
165 Capitol Avenue
Hartford, CT 06106
860-808-5204
Fax: 860-772-1709
Email: patrick.ring@ct.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria Field**
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
860-808-5263
Email: victoria.field@ct.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**William Tong**
*in his official capacity as Attorney General for the State of Connecticut*

represented by **Patrick Thomas Ring**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria Field**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/14/2025 | 1 | COMPLAINT against All Defendants ( Filing fee $405 receipt number ACTDC-8367721.), filed by Healthcare Distribution Alliance. (Attachments: # 1 Civil Cover Sheet)(Finn, Thomas) (Entered: 10/14/2025) |
| 10/14/2025 | | Request for Clerk to issue summons as to All Defendants. (Finn, Thomas) (Entered: 10/14/2025) |
| 10/14/2025 | 2 | Disclosure Statement *Corporate Rule 7.1* by Healthcare Distribution Alliance. (Finn, Thomas) (Entered: 10/14/2025) |
| 10/14/2025 | | CASE ASSIGNMENT: District Judge Omar A. Williams assigned to the case. If the District Judge issues an Order of Referral to a Magistrate Judge for any matter other than settlement, the matter will be referred to Magistrate Judge Robert A. Richardson. (Oliver, T.) (Entered: 10/14/2025) |
| 10/14/2025 | 3 | Notice: Pursuant to Federal Rule of Civil Procedure 7.1(b), a disclosure statement required under Rule 7.1(a) must be filed with a party's first appearance, pleading, petition, motion, response, or other request addressed to the Court and must be supplemented if any required information changes during the case. Signed by Clerk on 10/14/25.(Hushin, Z.) (Entered: 10/14/2025) |
| 10/14/2025 | 4 | Order on Pretrial Deadlines: Amended Pleadings due by 12/15/2025; Discovery due by 4/15/2026; Dispositive Motions due by 5/20/2026 Signed by Clerk on 10/14/2025. (Kelsey, N) (Entered: 10/15/2025) |

| | | |
|---|---|---|
| 10/14/2025 | 5 | ELECTRONIC FILING ORDER FOR COUNSEL – PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER Signed by Judge Omar A. Williams on 10/14/2025. (Kelsey, N) (Entered: 10/15/2025) |
| 10/14/2025 | 6 | Standing Protective Order Signed by Judge Omar A. Williams on 10/14/2025. (Kelsey, N) (Entered: 10/15/2025) |
| 10/14/2025 | 7 | **Notice to Counsel and Litigants Regarding AI–Assisted Research**: Attorneys and *pro se* litigants alike should exercise great caution in submitting any AI–generated language in filings before the Court. Use of AI without verification of the accuracy of the information it generates like any other shoddy research method from other sources or tools implicates Federal Rule of Civil Procedure 11, the central purpose of which is to deter baseless filings in district court and thus to streamline the administration and procedure of the federal courts. Rule 11 applies fully to actions filed by *pro se* litigants.<br><br>Therefore, all parties are on notice that the Court has a no–tolerance policy for any briefing (AI–assisted or not) that hallucinates legal propositions or otherwise severely misstates the law. Such filings will often result in sanctions absent reasonable excuse. *See generally Willis v. U.S. Bank Nat'l Ass'n et al*, No. 3:25–CV–516–BN, 2025 WL 1408897 (N.D. Tex. May 15, 2025). Signed by Clerk on 10/14/2025. (Kelsey, N) (Entered: 10/15/2025) |
| 10/14/2025 | 8 | Notice of Option to Consent to Magistrate Judge Jurisdiction. (Kelsey, N) (Entered: 10/15/2025) |
| 10/14/2025 | 9 | Standing Order re: Letters. Signed by Judge Omar A. Williams on 10/14/2025. (Kelsey, N) (Entered: 10/15/2025) |
| 10/15/2025 | 10 | NOTICE TO COUNSEL/SELF–REPRESENTED PARTIES : Counsel or self–represented parties initiating or removing this action are responsible for serving all parties with attached documents and copies of 8 Notice of Option to Consent to Magistrate Judge Jurisdiction, 6 Standing Protective Order, 4 Order on Pretrial Deadlines, 5 Electronic Filing Order, 2 Disclosure Statement filed by Healthcare Distribution Alliance, 7 Notice re: AI–Assisted Research, 9 Standing Order re: Letters, 3 Notice re: Disclosure Statement, 1 Complaint filed by Healthcare Distribution Alliance Signed by Clerk on 10/15/2025. (Kelsey, N) (Entered: 10/15/2025) |
| 10/15/2025 | 11 | ELECTRONIC SUMMONS ISSUED in accordance with Fed. R. Civ. P. 4 and LR 4 as to *Mark D. Boughton, William Tong* with answer to complaint due within *21* days. Attorney *Thomas J. Finn* *McCarter & English, LLP* *CityPlace 1, 185 Asylum Street* *Hartford, CT 06103*. (Kelsey, N) (Entered: 10/15/2025) |
| 10/15/2025 | 12 | NOTICE of Appearance by Snigdha Mamillapalli on behalf of Healthcare Distribution Alliance (Mamillapalli, Snigdha) (Entered: 10/15/2025) |
| 10/16/2025 | 13 | MOTION for Attorney(s) Jonathan S. Massey to be Admitted Pro Hac Vice (paid $200 PHV fee; receipt number ACTDC–8371075) by Healthcare Distribution Alliance. (Attachments: # 1 Affidavit of Jonathan S. Massey, # 2 Certificate of Good Standing)(Finn, Thomas) (Entered: 10/16/2025) |
| 10/16/2025 | 14 | MOTION for Attorney(s) Bret R. Vallacher to be Admitted Pro Hac Vice (paid $200 PHV fee; receipt number ACTDC–8371106) by Healthcare Distribution Alliance. (Attachments: # 1 Affidavit of Bret R. Vallacher, # 2 Certificate of Good Standing)(Finn, Thomas) (Entered: 10/16/2025) |
| 10/16/2025 | 15 | MOTION for Attorney(s) Austin S. Martin to be Admitted Pro Hac Vice (paid $200 PHV fee; receipt number ACTDC–8371121) by Healthcare Distribution Alliance. (Attachments: # 1 Affidavit of Austin S. Martin, # 2 Certificate of Good Standing)(Finn, Thomas) (Entered: 10/16/2025) |
| 10/17/2025 | 16 | ORDER denying without prejudice 13 Motion to appear pro hac vice; denying 14 Motion to appear pro hac vice; denying 15 Motion to appear pro hac vice for Attorneys Jonathan S. Massey, Bret R. Vallacher, and Austin S. Martin. Movant has cited to the wrong subparagraph of the local rules, and therefore the motions cannot be granted as filed, but movant may refile the motions with the error corrected. It is so ordered.Signed by Judge Omar A. Williams on 10/17/2025. (Kelsey, N) (Entered: |

| | | |
|---|---|---|
| | | 10/17/2025) |
| 10/17/2025 | 17 | MOTION for Attorney(s) Jonathan S. Massey to be Admitted Pro Hac Vice (paid $200 PHV fee; receipt number ACTDC−8372596) by Healthcare Distribution Alliance. (Attachments: # 1 Affidavit of Jonathan S. Massey, # 2 Exhibit Certificate of Good Standing − Jonthan S. Massey)(Finn, Thomas) (Entered: 10/17/2025) |
| 10/17/2025 | 18 | MOTION for Attorney(s) Bret R. Vallacher to be Admitted Pro Hac Vice (paid $200 PHV fee; receipt number ACTDC−8372625) by Healthcare Distribution Alliance. (Attachments: # 1 Affidavit of Bret R. Vallacher, # 2 Certificate of Good Standing − Bret R. Vallacher)(Finn, Thomas) (Entered: 10/17/2025) |
| 10/17/2025 | 19 | MOTION for Attorney(s) Austin S. Martin to be Admitted Pro Hac Vice (paid $200 PHV fee; receipt number ACTDC−8372644) by Healthcare Distribution Alliance. (Attachments: # 1 Affidavit of Austin S. Martin, # 2 Certificate of Good Standing − Austin S. Martin)(Finn, Thomas) (Entered: 10/17/2025) |
| 10/20/2025 | 20 | ORDER granting 17 Motion to Appear Pro Hac Vice for Attorney Jonathan S. Massey. Signed by Clerk on 10/20/2025. (Kelsey, N) (Entered: 10/20/2025) |
| 10/20/2025 | 21 | ORDER granting 18 Motion to Appear Pro Hac Vice for Attorney Bret R. Vallacher. Signed by Clerk on 10/20/2025. (Kelsey, N) (Entered: 10/20/2025) |
| 10/20/2025 | 22 | ORDER granting 19 Motion to Appear Pro Hac Vice for Attorney Austin S. Martin. Signed by Clerk on 10/20/2025. (Kelsey, N) (Entered: 10/20/2025) |
| 10/21/2025 | 23 | NOTICE of Related Case by Healthcare Distribution Alliance (Finn, Thomas) (Entered: 10/21/2025) |
| 10/21/2025 | 24 | NOTICE of Appearance by Jonathan S. Massey on behalf of Healthcare Distribution Alliance (Massey, Jonathan) (Entered: 10/21/2025) |
| 10/21/2025 | 25 | NOTICE of Appearance by Bret Vallacher on behalf of Healthcare Distribution Alliance (Vallacher, Bret) (Entered: 10/21/2025) |
| 10/21/2025 | 26 | NOTICE of Appearance by Austin Scott Martin on behalf of Healthcare Distribution Alliance (Martin, Austin) (Entered: 10/21/2025) |
| 10/23/2025 | 27 | MOTION for Preliminary Injunction by Healthcare Distribution Alliance.Responses due by 11/13/2025 (Attachments: # 1 Memorandum in Support, # 2 Affidavit of Martin Igel, # 3 Affidavit of Christopher Reed, # 4 Affidavit of Chris Van Norman, # 5 Affidavit of Nicolette Louissaint)(Finn, Thomas) (Entered: 10/23/2025) |
| 10/23/2025 | 28 | SUMMONS Returned Executed by Healthcare Distribution Alliance. Mark D. Boughton served on 10/15/2025, answer due 11/5/2025. (Finn, Thomas) (Entered: 10/23/2025) |
| 10/23/2025 | 29 | SUMMONS Returned Executed by Healthcare Distribution Alliance. William Tong served on 10/15/2025, answer due 11/5/2025. (Finn, Thomas) (Entered: 10/23/2025) |
| 10/23/2025 | 30 | NOTICE of Appearance by Patrick Thomas Ring on behalf of Mark D. Boughton, William Tong (Ring, Patrick) (Entered: 10/23/2025) |
| 10/29/2025 | 31 | Emergency MOTION to Expedite re 27 MOTION for Preliminary Injunction by Healthcare Distribution Alliance. (Finn, Thomas) (Entered: 10/29/2025) |
| 10/30/2025 | 32 | ORDER. The court **GRANTS** the unopposed 31 Emergency Motion to Expedite and hereby **ADOPTS** the briefing schedule proposed therein.<br><br>Defendants shall file a response to the 27 Motion for Preliminary Injunction by **November 17, 2025.**<br>Plaintiff shall file a reply, if it so chooses, by **November 25, 2025.**<br>A consolidated hearing on the Motion and a similar Motion for Preliminary Injunction in the related case *Association for Accessible Medicines v. Boughton et al,* Civil No. 3:25−cv−01757 (OAW), is set for **December 9, 2025,** at **10:00 a.m.,** before United States District Judge Omar A. Williams.<br>Defendants shall respond to the 1 Complaint within twenty−one days of the court's decision on the Motion. |

| | | |
|---|---|---|
| | | It is so ordered. Signed by Judge Omar A. Williams on 10/30/2025. (Karamanakis, K) (Entered: 10/30/2025) |
| 10/30/2025 | 33 | Set/Reset Deadlines as to 27 MOTION for Preliminary Injunction. Responses due by 11/17/2025, Plaintiff's reply, if it so chooses, by November 25, 2025.<br><br>NOTICE OF E−FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION.<br><br>A Consolidated Hearing on the Motion and a similar Motion for Preliminary Injunction set for 12/9/2025 at 10:00 AM in Courtroom Two, 450 Main St., Hartford, CT before Judge Omar A. Williams (Peterson, M) (Entered: 11/04/2025) |
| 11/17/2025 | 34 | Memorandum in Opposition re 27 MOTION for Preliminary Injunction filed by Mark D. Boughton, William Tong. (Ring, Patrick) (Entered: 11/17/2025) |
| 11/25/2025 | 35 | REPLY to Response to 27 MOTION for Preliminary Injunction filed by Healthcare Distribution Alliance. (Finn, Thomas) (Entered: 11/25/2025) |
| 12/04/2025 | 36 | Consent MOTION for Permission to Use Courtroom Technology *at Consolidated Hearing on 12/9/2025* by Healthcare Distribution Alliance.Responses due by 12/26/2025 (Finn, Thomas) (Entered: 12/04/2025) |
| 12/05/2025 | 37 | ORDER granting 36 Consent Motion for Permission to Use Courtroom Technology. Signed by Judge Omar A. Williams on 12/5/2025. (Karamanakis, K) (Entered: 12/05/2025) |
| 12/05/2025 | 38 | NOTICE. Should any party wish to test any necessary courtroom technology prior to the consolidated hearing on December 9, 2025, they may schedule a time to do so by directly contacting the Courtroom Deputy, at 860−240−3495. Signed by Judge Omar A. Williams on 12/5/2025. (Karamanakis, K) (Entered: 12/05/2025) |
| 12/09/2025 | 39 | NOTICE of Appearance by Victoria Field on behalf of Mark D. Boughton, William Tong (Denault, S) (Entered: 12/09/2025) |
| 12/09/2025 | 40 | Minute Entry. Proceedings held before Judge Omar A. Williams: taking under advisement 27 Motion for Preliminary Injunction; Motion Hearing held on 12/9/2025, re 27 MOTION for Preliminary Injunction filed by Healthcare Distribution Alliance. Total Time: 1 hour and 29 minutes(Court Reporter C. Cullen.) (Wood, R.) (Entered: 12/09/2025) |
| 12/09/2025 | 41 | ORDER requiring Supplemental Briefing.<br><br>At today's consolidated hearing on the pending Motions for Preliminary Injunction in this case and the related case *Association for Accessible Medicines v. Boughton et al,* Civil No. 3:25−cv−01757 (OAW), Defendants clarified, *for the first time,* that it is their position that Sections 345 through 347 of Connecticut Public Act No. 25−168 (hereinafter, the "Act") do *not* apply to non−Connecticut manufacturers transacting with non−Connecticut distributors outside of Connecticut; nor to non−Connecticut distributors transacting with Connecticut retailers outside of Connecticut. Specifically, Plaintiff Healthcare Distribution Alliance (hereinafter, "HDA") received assurances from Defendants that, when a Connecticut hospital purchases *and takes title* of a covered product from a non−Connecticut distributor *outside of Connecticut,* such transaction is *not* considered a sale "in this state" under the Act, and thus does not expose the distributor to liability under the Act.<br><br>While HDA and Plaintiff Association for Accessible Medicines (hereinafter, "AAM") appeared relieved by Defendants' assurances at the hearing, they understandably expressed a preference for written confirmation of the same, if even by way of a court ruling which could have the effect of judicial estoppel. Plaintiffs' concern is even more reasonable given that the Act's price cap goes into effect on January 1, 2026, which is quickly approaching.<br><br>Further, AAM reiterated at the hearing that it previously asked Defendants for such assurances, but had not received a response this helpful prior to initiating litigation. *See also* Civil No. 3:25−cv−01757 (OAW), ECF No. 20−1, at 12−13. |

| | | |
|---|---|---|
| | | Because the parties' memoranda of law contemplated a more broad application of the Act than Defendants represented at the hearing, *see* ECF Nos. 27-1, 34, 35, the court hereby **ORDERS** limited supplemental briefing.<br><br>The court acknowledges that Plaintiffs carry the burden of demonstrating that they are entitled to injunctive relief; nevertheless, based on their representations at the hearing, the court believes that it would be most efficient for Defendants to submit their brief first, on or before **Friday, December 12, 2025.** Defendants' brief should explain how their position on the Act's applicability to Plaintiffs' members, as articulated at the hearing, affects the merits of the 27 Motion for Preliminary Injunction. Plaintiffs shall file their respective briefs, doing the same, on or before **Tuesday, December 16, 2025.**<br><br>No brief shall exceed **ten double-spaced pages.**<br><br>To the extent that there now may be areas of agreement regarding any issues in this case, the parties are *strongly encouraged* to meet, confer, and inform the court by filing a notice on or before **Friday, December 12, 2025.**<br><br>The court believes these deadlines to be reasonable based on the record before it, the significance of the January 1 date, and the fact that the parties requested an expedited briefing schedule. *See* ECF Nos. 31, 32.<br><br>It is so ordered. Signed by Judge Omar A. Williams on 12/9/2025. (Karamanakis, K) (Entered: 12/09/2025) |
| 12/12/2025 | 42 | TRANSCRIPT of Proceedings: Type of Hearing: Consolidation Hearing. Held on 12/09/2025 before Judge OAW. Court Reporter: Catherine Cullen. **IMPORTANT NOTICE – REDACTION OF TRANSCRIPTS:** To remove personal identifier information from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within seven (7) calendar days of this date. If no such Notice is filed, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available through PACER without redaction 90 days from today's date. The transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. The policy governing the redaction of personal information is located on the court website at www.ctd.uscourts.gov. Redaction Request due 1/2/2026. Redacted Transcript Deadline set for 1/12/2026. Release of Transcript Restriction set for 3/12/2026. (Cullen, Catherine) (Entered: 12/12/2025) |
| 12/12/2025 | 43 | Supplemental Memorandum in Opposition re 27 MOTION for Preliminary Injunction filed by Mark D. Boughton, William Tong. (Ring, Patrick) (Entered: 12/12/2025) |
| 12/16/2025 | 44 | Supplemental RESPONSE re 41 Order,,,,,,,,,,,,,,, filed by Healthcare Distribution Alliance. (Attachments: # 1 Supplemental Declaration of Michelle Britt, # 2 Supplemental Declaration of Christopher Reed, # 3 Supplemental Declaration of Christopher Van Norman)(Finn, Thomas) (Entered: 12/16/2025) |
| 12/24/2025 | 45 | ORDER. For the reasons articulated in the attached order, Plaintiff's 27 Motion for Preliminary Injunction is **DENIED.**<br><br>The parties shall comply with the deadlines therein.<br><br>It is so ordered. Signed by Judge Omar A. Williams on 12/24/2025. (Karamanakis, K) (Entered: 12/24/2025) |
| 12/26/2025 | 46 | NOTICE OF APPEAL as to 45 Order on Motion for Preliminary Injunction, by Healthcare Distribution Alliance. Filing fee $ 605, receipt number ACTDC-8446516. (Finn, Thomas) (Entered: 12/26/2025) |
| 12/26/2025 | 47 | MOTION for Injunction Pending Appeal by Healthcare Distribution Alliance.Responses due by 1/16/2026 (Finn, Thomas) (Entered: 12/26/2025) |
| 12/28/2025 | 48 | ORDER. Plaintiff has appealed the court's 45 Order denying its Motion for a Preliminary Injunction, *see* ECF No. 46, and seeks to enjoin Defendants from |

|  |  | enforcing against its members Sections 345 through 347 of Public Act No. 25-168 pending such appeal before the United States Court of Appeals for the Second Circuit, *see* ECF No. 47, at 1 (citing Fed. R. Civ. P. 62(d); Fed. R. App. P. 8(a)(1)(C)). Because granting the instant Motion for an Injunction Pending Appeal would "'affect government action taken in the public interest pursuant to a statutory or regulatory scheme,'" *see Cnty. of Nassau, N.Y. v. Leavitt,* 524 F.3d 408, 414 (2d Cir. 2008) (quoting *Wright v. Giuliani,* 230 F.3d 543, 547 (2d Cir. 2000)), the court cannot do so absent a showing that **(i)** Plaintiff is "likely to succeed on the merits" of its claims, **(ii)** its members are "likely to suffer irreparable harm" absent an injunction, **(iii)** the "balance of equities tips" in its favor, and **(iv)** a preliminary injunction "would be in the public interest," *see Mahmoud v. Taylor,* 606 U.S. 522, 546 (2025); *see also Salinger v. Colting,* 607 F.3d 68, 79-80 (2d Cir. 2010). In support of its Motion, Plaintiff points the court to its "prior submissions" and its "arguments" at the hearing on December 9, 2025. ECF No. 47, at 2. The court "carefully has reviewed" such submissions and arguments already, and found them to be insufficient grounds for granting injunctive relief. ECF No. 45, at 1; *see also id.* at 11-18 (explaining that Plaintiff failed to show that it is likely to succeed on the merits of its claims). Accordingly, the court **DENIES** the 47 Motion for an Injunction Pending Appeal for the reasons articulated in the 45 Order. It is so ordered. Signed by Judge Omar A. Williams on 12/28/2025. (Karamanakis, K) (Entered: 12/28/2025) |